## Christlake v. Cardile.

*Assumpsit—Statement of claim—Affidavit of defence.*

1. A statement of claim which avers the action is for goods sold and delivered at the times when they were ordered by defendant, and were in amounts, kinds and prices specially ordered by him, and then avers that "a copy annexed is a statement of the plaintiff's account with the defendant, marked Exhibit A," and there is no statement annexed, but a number of invoices, without being marked Exhibit A, and the aggregate of the amount of the attached invoices exceeds the amount claimed, the statement is not sufficient to support a summary judgment.

2. An averment that the defendant "avers and expects to be able to prove" the allegations of his affidavit of defence is not equivalent to the time-honored phraseology—"All of which is true," or which he "believes to be true and which he expects to be able to prove on the trial."

3. An averment that the plaintiff has not exhibited his entire account is no answer to the claim exhibited.

4. Where a defendant avers that he has made specified payments to the plaintiff, he must further aver that the payments were made in payment of or on account of the account set forth in the statement, and if he avers that a receipt was given on a specified date in full covering bills to that date, he should set forth a copy of the receipt or aver that it was given for the items in suit.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Delaware Co., Sept. T., 1924, No. 70.

*A. D. MacDade*, for rule; *J. M. Broomall*, contra.

BROOMALL, J., Nov. 13, 1924.—The showing of the plaintiff's statement and the defendant's affidavit of defence is not sufficiently clear to enable us to satisfactorily enter judgment for plaintiff.

The plaintiff's statement makes claim for $1805.92 for goods sold and delivered, at sundry dates, in pursuance of defendant's oral orders, and delivered to the defendant from Jan. 3, 1924, to Sept. 6, 1924.

That the goods so delivered were delivered at the times when they were ordered by the defendant and were in amounts, kinds and prices specially ordered by him. The statement then avers that a copy annexed is a statement of plaintiff's account with the defendant, marked Exhibit A. This does not assert, except inferentially, that it is a statement of the goods sold and delivered by the plaintiff to the defendant. It may be assumed that it intends to say so. There is no statement annexed marked Exhibit A. There is annexed to the statement of claim a batch of papers called invoices, copies of invoices, duplicate invoices and some without designation, but none of these papers are referred to in plaintiff's statement of claim. The statements of account annexed manifestly are not original entry charges. The aggregate of this account is $2029.61, whereas the amount for which suit is brought is $1805.92. This discrepancy is not explained.

Turning now to the affidavit of defence, we find it also open to criticism. Defendant says, "he avers and expects to be able to prove" the allegations of his affidavit. This is not equivalent to the time-honored phraseology, to wit:

Christlake v. Cardile.

"All of which is true (if stated from defendant's knowledge, or if stated from information, then all of which he believes to be true, and stating the source of his information) and which he expects to be able to prove on the trial." This affidavit states that the plaintiff has not exhibited his entire account with the defendant. This is no answer to his claim for what he has exhibited. If what he has not exhibited has been paid, there was no necessity to exhibit it. If it has not been paid, the defendant cannot complain that the plaintiff is calling on him for payment of only a part of his claim. Driven to surmise which has no place in aid of an affidavit of defence, we are inclined to think that it is intended to explain certain payments he swears to. These payments amount to $4705.45. These payments were made either wholly or partially on the plaintiff's claim outside of the claim in this suit. The defendant ought to know what his payments were for, or give some reason for the absence of such knowledge. As to the last of these payments made by check dated Sept. 5, 1924, amounting to $861.55, the defendant says: "On Sept. 3, 1924, said plaintiff issued to said defendant a receipt in full covering bills to that date." A copy of the receipt is not given. Neither is it stated whether what is called bills to that date included the bills in this suit. We infer from the similarity of the amount that the check and receipt are for the same payment. No explanation is given for the check being dated Sept. 5, 1924, and the receipt being dated Sept. 3, 1924. The affidavit is equivocal and uncertain. If the plaintiff's statement had been well pleaded, we would have given him judgment, but, as stated at the outset, the pleadings are not sufficiently clear to enable us to do so satisfactorily.

The plaintiff's rule for judgment is, therefore, discharged.

From A. B. Geary, Chester, Pa.